# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| C.W. SMITH, *et al.*, ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | Case No.: 5:09-MC-2102-VEH |
| ) | |
| DARRYL S. LADDIN, ) | |
| ) | |
| Appellee, ) | |
| ) | |
| and ) | |
| ) | |
| LEIGH BELDEN, *et al.*, ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | Case No.:5:09-MC-2103-VEH |
| ) | |
| DARRYL S. LADDIN, ) | |
| ) | |
| Appellee. ) | |

## MEMORANDUM OPINION AND ORDER[1]

This matter is before the court on the motions of Leigh S. Belden, Steven C. Taylor, C. W. Smith, and S. Todd Westbrook (collectively the "Movants") for leave

---

[1] The parties have proceeded before this court as though the cases of *Smith v. Laddin, et al.*, Case No. 5:09-MC-2102-VEH, and *Belden v. Laddin, et al.*, Case No. 5:09-MC-2103-VEH, have been consolidated. For example, the Movants filed "joint" briefing. There is no written order of consolidation on the record. Nevertheless, the court finds that the issues presented by the two cases are substantially similar and judicial economy is best served if the cases are consolidated. Therefore, it is **SO ORDERED**.

to appeal directly to this court from two orders entered by the Hon. Jack Caddell, United States Bankruptcy Judge for the Northern District of Alabama. (Case No. 09-2102, doc. 1; Case No. 09-2103, doc. 1).

Verilink Corporation commenced Chapter 11 bankruptcy proceedings in the United States Bankruptcy Court for the Northern District of Alabama on April 9, 2006. The adversary proceeding underlying the present motions began on April 8, 2008, when Trustee Darryl S. Laddin ("Trustee") filed a Complaint. The Trustee's Complaint asserted claims against Movants Belden and Taylor. In September 2008, the Trustee filed an Amended Complaint that added Movants Smith and Westbrook as defendants and asserted additional claims against all Movants. According to the Movants, the Amended Complaint was superceded by the November 3, 2008, Corrected Amended Complaint. The Movants contend that there are four categories of claims against them: (1) insider trading claims (Counts I-VII); (2) claims arising from a transaction involving an entity identified as "Larscom Incorporated" (Counts VIII-XVIII); (3) claims under Section 14(a) of the Securities Exchange Act of 1934 (Count XIX); and (4) "PIPE Notes" claims (Count XX). (Case No. 09-2102, doc. 3, p. 5).

Judge Cadell's two orders from which Movants seek interlocutory review respectively denied a motion for judgment on the pleadings filed by Movants Smith

and Westbrook and denied a motion to dismiss filed by Movants Belden and Taylor.[2]

Resolution of this matter requires this court to make three findings. First, because this court's subject matter jurisdiction has been challenged by the Trustee, this court must determine whether it has jurisdiction over this controversy. Second, upon finding that subject matter jurisdiction is present, this court will decide whether the bankruptcy court's orders constitute final orders that are appealable to this court as a matter of right pursuant to 28 U.S.C. § 158(a). *See, e.g., In re Charter Co.*, 778 F.2d 617, 621 (11th Cir. 1985) ("The district courts have 'jurisdiction to hear appeals from final judgments, orders, and decrees . . . of bankruptcy judges'") (quoting 28 U.S.C. § 158(a)). Finally, because the court finds, for the reasons more fully discussed *infra*, that the bankruptcy judge's orders were not final, but were interlocutory, the undersigned will analyze whether interlocutory appellate review is appropriate.

**I.    This court has subject matter jurisdiction over these consolidated actions.**

Before petitioning this court for interlocutory appellate review of the bankruptcy court's orders, the Movants first sought leave to appeal directly to the

---

[2] Timothy Anderson joined in the motion to dismiss and in the briefing filed with this court, but he did not file a notice of appeal. The Trustee noted that Anderson had not filed a notice of appeal, and Anderson subsequently withdrew his request, stated in the supplemental briefing filed by Movants Beldon and Taylor, that this court review the portion of the bankruptcy court's order as it pertains to him. (Case No. 09-2102, doc. 5, p. 4).

Eleventh Circuit. That petition was summarily denied. In the case at bar, the Trustee argues that because Movants petitioned and were denied leave to appeal directly to the Eleventh Circuit, this court lacks subject matter jurisdiction over the present appeal because appellate jurisdiction previously attached. The court rejects the Trustee's argument.

The relevant portions of 28 U.S.C. § 158, which grants courts of appeals jurisdiction to review interlocutory orders of bankruptcy courts in limited circumstances, read as follows:

> The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that--
>
> > (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
> >
> > (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
> >
> > (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;
>
> <u>and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.</u>

28 U.S.C. § 158(d)(2)(A) (emphasis supplied). In the present case, the bankruptcy court certified that factors (i) and (iii) are present; however, the Eleventh Circuit denied the Movants' petition for direct appeal.

When interpreting 28 U.S.C. § 158(d)(2)(A), the Eleventh Circuit has noted that it has

> direct appellate jurisdiction in a bankruptcy case if the bankruptcy court (or the district court on review) certifies that: (1) an order entered in the case involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court, or if it involves a matter of public importance; (2) the order involves a question of law that requires resolution of conflicting decisions; or (3) an immediate appeal from the order may materially advance the progress of the case or proceeding.

*In re Barrett*, 543 F.3d 1239, 1241 (11th Cir. 2008) (citing 28 U.S.C. § 158(d)(2)(A)). *See also In re Dean*, 537 F.3d 1315, 1317-18 (11th Cir. 2008) (same). In those opinions, the Eleventh Circuit omitted any reference to the provision of 28 U.S.C. § 158(d)(2)(A) stating that appellate jurisdiction attaches only "if the court of appeals authorizes the direct appeal of the judgment, order, or decree." The Second Circuit and Ninth Circuit have followed a similar approach. *See Blausey v. U.S. Trustee*, 552 F.3d 1124, 1129 (9th Cir. 2009) ("The statute grants the courts of appeals direct appellate jurisdiction in a bankruptcy case if the bankruptcy court certifies that: (1) the order involves a question of law as to which there is no controlling decision of the

court of appeals for the circuit or of the Supreme Court, or if it involves a matter of public importance; (2) the order involves a question of law that requires resolution of conflicting decisions; or (3) an immediate appeal from the order may materially advance the progress of the case or proceeding.") (internal note omitted); *Weber v. United States*, 484 F.3d 154, 157 (2d Cir. 2007) (noting that an appellate court has jurisdiction over a direct appeal if any of the criteria of 28 U.S.C. § 158(d)(2)(A)(i)-(iii) are satisfied, and that it "may in its discretion exercise, or decline to exercise, that jurisdiction"). The Trustee argues that, despite the plain language of 28 U.S.C. § 158(d)(2)(A), appellate jurisdiction attached once the Eleventh Circuit declined to entertain the direct appeal and that, as a consequence, this court lacks subject matter jurisdiction over any appeal of the bankruptcy court's orders. This court disagrees.

Upon studying *In re Barrett* and *In re Dean*, the issue before this court – *i.e.*, did appellate jurisdiction attach despite the fact that the Eleventh Circuit declined to hear the Movants' direct appeal – was not decided by the Eleventh Circuit in either of those cases. While it is true that, in both cases, the Eleventh Circuit failed to expressly acknowledge the section of 28 U.S.C. § 158(d)(2)(A) that requires the court of appeals to authorize an appeal for jurisdiction to attach, *In re Barrett* and *In re Dean* are cases in which the Eleventh Circuit <u>authorized</u> direct appeals. This court will not assume, as the Trustee urges, that the Eleventh Circuit was making a holding

by omission, particularly where the result would be contrary to the plain language of a statute. Also, the Fifth, Seventh, and Tenth Circuits have noted or held that appellate jurisdiction does not attach unless the court of appeals authorizes the direct appeal. *Cf. In re Ford*, 574 F.3d 1279, 1282 (10th Cir. 2009) (noting that a court of appeals must also decide to accept the direct appeal before the jurisdictional requirements of § 158(d)(2)(A) are satisfied); *In re Turner*, 574 F.3d. 349, 357 (7th Cir. 2009) ("The Act permits the appellate courts to exercise jurisdiction over direct appeals from the bankruptcy courts *if* the bankruptcy court certifies that the judgment, order, or decree meets certain statutory criteria for review *and* the court of appeals authorizes the direct appeal.") (internal notes omitted) (emphasis supplied); *In re OCA, Inc.*, 552 F.3d 413, 418 (5th Cir. 2008) ("the applicable court of appeals has jurisdiction if it authorizes the appeal").

Because there is no Eleventh Circuit case on point, this court is persuaded by the plain language of 28 U.S.C. § 158(d)(2)(A) and its interpretation by the Fifth, Seventh, and Tenth Circuits that appellate jurisdiction does not attach until and unless the appellate court authorizes the appeal. That did not happen in this case. The Eleventh Circuit declined to hear a direct appeal. Therefore, this court concludes that appellate jurisdiction did not attach and, consequently, the Trustee's argument that this court lacks subject matter jurisdiction is without merit.

## II.     The bankruptcy court's order was not a "final" order.

"A final decision is generally 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *In re Charter Co.*, 778 F.2d at 621 (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

> In bankruptcy proceedings, it is generally the particular adversary proceeding or controversy that must have been finally resolved, rather than the entire bankruptcy litigation. *See In re Saco Local Development Corp.*, 711 F.2d 441, 443-46 (1st Cir. 1983); *United States v. Air Florida, Inc.*, 48 B.R. 749, 750 (S.D. Fla. 1984); *cf. Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1309 (11th Cir. 1982) (order refusing to lift automatic stay is final where it disposed of whole subject matter of complaint). Although courts "take a more liberal view of what constitutes a separate dispute for purposes of appeal" in bankruptcy cases, *In re Leimer*, 724 F.2d 744, 745 (8th Cir. 1984), the separate dispute being assessed must have been finally resolved and leave nothing more for the bankruptcy court to do. *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d at 1309; *In re Leimer*, 724 F.2d at 745.

*Id.*

The orders at issue are not final orders. While a ruling in the Movants' favor would have ended the litigation as far as they were concerned, and this court understands why those parties would desire such a result, the bankruptcy court found that it could not reach a resolution of certain dispositive issues in light of the current record. Because the bankruptcy court's orders from which Movants seek leave to appeal were not final orders, the Movants do not have the right to a direct appeal to this court. *See In re Charter Co.*, 778 F.2d at 621 (district courts have jurisdiction

over final orders from bankruptcy courts).

### III. The Movants' petitions for leave to appeal the interlocutory orders of the bankruptcy court are due to be denied.

"District courts may grant leave to hear appeals of interlocutory orders entered by a bankruptcy judge." *Laurent v. Herkert*, 196 Fed. Appx. 771, 772 (11th Cir. 2006) (citing 28 U.S.C. § 158(a)). Because 28 U.S.C. § 158(a) "does not provide the district courts with any criteria for determining whether to exercise their discretionary authority to grant leave to appeal," a district court should look to 28 U.S.C. § 1292(b) "which governs interlocutory appeals from the district courts to the court of appeals." *In re Charter Co.*, 778 F.2d at 620 n.5. *See also Laurent*, 196 Fed. Appx. at 772 (same).

> In order to obtain leave to proceed under 28 U.S.C. § 1292(b), a party must demonstrate that: (1) the order presents a controlling question of law; (2) over which there is a substantial ground for difference of opinion among courts; and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation.

*Laurent*, 196 Fed. Appx. at 772 (citing 28 U.S.C. § 1292(b)).

#### A. The bankruptcy court's order on the motion for judgment on the pleadings brought by Movants Smith and Westbrook

According to the bankruptcy court's order denying Smith's and Westbrook's

motion for judgment on the pleadings,[3] the following claims have been asserted against those individuals: (1) Smith and Westbrook breached their fiduciary duties to Verilink, a Delaware corporation, regarding the sale of Verilink stock using material, non-public information; (2) Smith breached his fiduciary duties by causing Verilink to enter into the corporate acquisition of Larscom Incorporated ("Larscom") while Verilink was on the edge of insolvency; and (3) Smith violated Section 14(a) of the Securities Exchange Act of 1934 by allegedly making materially false and misleading statements in Verilink's proxy solicitation and related public disclosures seeking shareholder approval for the Larscom transaction. (Case No. 09-2102, doc. 1-1, pp. 2-3).

In bankruptcy court, Smith and Westbrook argued that the statutes of limitations expired on all the claims asserted against them. The Trustee countered by asserting that the limitations periods were tolled. The bankruptcy court held that "[t]olling may apply to preserve each of Plaintiff's breach of fiduciary claims, as well as Plaintiff's claim under Section 14(a) of the Securities Exchange Act of 1934. At this early stage of the litigation where there has been no significant discovery, the Court cannot rule that the limitations periods were not tolled by any of the tolling

---

[3] This court has not been provided with copies of any motions or briefs submitted by the Movants in bankruptcy court. Therefore, this court, when ruling on the present motions, must rely on Judge Cadell's interpretation of those briefs.

theories asserted by Plaintiff." (Case No. 09-2102, doc. 1-1, p. 8) (footnote omitted).

Movants Smith and Westbrook argue that this court should grant appellate review over the bankruptcy court's order because, according to those Movants, the tolling issue must be decided in their favor as a matter of law based on the facts alleged in the Corrected Amended Complaint. Movants Smith and Westbrook, however, have failed to demonstrate the requirements necessary for interlocutory appellate review of the bankruptcy court's order. *See Laurent*, 196 Fed. Appx. at 772.

Smith's and Westbrook's petition for appellate review of Judge Cadell's order on the motion for judgment on the pleadings does not present this court with a "controlling question of law" as that term has been defined by the Eleventh Circuit. *See id.* A "controlling question of law"

> as used in § 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine . . . . The term "question of law" does not mean the application of settled law to fact. It does not mean any question the decision of which requires rooting through the record in search of the facts or of genuine issues of fact. Instead, what the framers of § 1292(b) had in mind is more of an abstract legal issue or what might be called one of pure law, matters the court of appeals can decide quickly and cleanly without having to study the record.

*McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004) (quoting *Ahrenholz v. Board of Trustees of the University of Illinois*, 219 F.3d 674, 676-77 (7th Cir. 2000)) (internal citations and marks omitted). Appellate review is properly

denied where a determination of a question of law is "too fact intensive an inquiry for interlocutory review." *Id.* (citing *Amos v. Glynn County Board of Tax Assessors*, 347 F.3d 1249, 1254 (11th Cir. 2003)). "The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of the law." *Id.* at 1259.

In the present case, the bankruptcy court considered the allegations of the Corrected Amended Complaint and held that additional factual development was needed before it could rule on the tolling issues presented in the motion for judgment on the pleadings. The tolling issues in this case are neither abstract legal issues nor those of "pure law." As the bankruptcy court noted in its order, resolution of the tolling issues necessarily requires an application of the law to particularized allegations of fact. Such a task is not appropriate on interlocutory review. *See id.*

Assuming *arguendo* that the tolling issues are controlling questions of law, Smith and Westbrook have nevertheless failed to demonstrate that there is a "substantial ground for difference of opinion among courts" regarding the bankruptcy court's legal conclusions. *See Laurent*, 196 Fed. Appx. at 772. With respect to the breach of fiduciary duty claims, Smith and Westbrook contend that the bankruptcy court committed error by failing to consider the Alabama Supreme Court's decision

in *Jefferson County Truck Growers Ass'n v. Tanner*, 341 So. 2d 485 (Ala. 1977). *Tanner* generally held that tolling of a statute of limitations was improper when a defendant faces a claim for fraud under Alabama law. *Id.* at 488. Smith and Westbrook urge this court to apply the reasoning of *Tanner* to the breach of fiduciary duty claims in the case at bar.

There is no need for this court to address the merits of these Movants' argument that the reasoning and holding applied by the Alabama Supreme Court in a fraud case decided thirty three years ago should be imported and applied to the breach of fiduciary duty claims presented here. Smith and Westbrook have cited to only one case, and it is not on point. The phrase "substantial ground for difference of opinion among courts" implicitly requires that other courts have examined the same controlling question of law and that those courts reached different conclusions. Smith and Westbrook have not shown that to be the case with regard to the tolling issues as to the breach of fiduciary duty claims presented in this action.

Also, Smith has not demonstrated a "substantial ground for difference of opinion among courts" as to the tolling issues regarding the claim brought against him under Section 14(a) of the Securities Exchange Act of 1934. Smith argues that tolling is not available as to Section 14(a) claims, and he directs this court to *Lampf, Pleva, Lipkind, Prupris & Petigrow v. Gilbertson*, 501 U.S. 350 (1991), and *In re*

13

*Exxon Mobil Corp. Securities Litigation*, 500 F.3d 189 (3d Cir. 2007), in support of that proposition. However, neither of those cases addresses the question of whether tolling can be applied to a claim brought under Section 14(a). Accordingly, Smith has failed to demonstrate that there is "a substantial ground for difference of opinion among courts" as to that issue, and interlocutory review is therefore inappropriate. *Laurent*, 196 Fed. Appx. at 772.

Because this court finds that, with regard to the bankruptcy court's order denying Smith's and Westbrook's motion for judgment on the pleadings, Smith and Westbrook have not shown a controlling question of law over which there is a substantial difference of opinion among courts, the court need not decide whether review of that order would "materially advance the ultimate termination of the litigation." *Id.* For the foregoing reasons, Smith's and Westbrook's motion for leave to appeal is due to be **DENIED**.

### B. The bankruptcy court's order denying the motion to dismiss by Movants Beldon and Taylor[4]

---

[4] This court has discussed only those portions of the bankruptcy court's order that Movants Beldon and Taylor have specifically argued are appropriate for appellate review. Courts are not obligated to read a party's mind or to construct arguments that it has failed to raise and that are not reasonably presented in the court file. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it . . . ."); *see also Higgins v. New Balance Athletic Shoe, Inc.,* 194 F.3d 252, 260 (1st Cir.1999) (declaring that a "party who aspires to oppose a ... motion must spell out his arguments squarely and distinctly, or else forever hold his peace," as district court may ignore arguments not adequately developed by nonmovant).

The bankruptcy court construed the claims against Movants Beldon and Taylor as follows: (1) breach of fiduciary duty claims regarding the Larscom transaction; (2) insider trading breach of fiduciary duty claims; (3) breach of fiduciary duty claims arising from a PIPE Notes transaction; and (4) claims under Section 14(a) of the Securities Exchange Act of 1934. (Case No. 09-2103; doc. 1-1).

As to the statute of limitations and tolling issues regarding the breach of fiduciary duty and the Section § 14(a) claims asserted against Beldon and Taylor, the arguments in favor of appellate review raised by Beldon and Taylor mirror those of Smith and Westbrook. Insofar as Beldon and Taylor advance identical arguments to those raised by Movants Smith and Westbrook, the motion for leave to appeal by Beldon and Taylor is due to be **DENIED** for the reasons discussed Section III. A., *supra*.

Movants Beldon and Taylor also advance other arguments in support of their petition for leave to appeal. One argument is that, in bankruptcy court, Beldon and Taylor contended that Verilink, as a corporation, lacks standing to bring claims for violation of the Section 14(a) of the Securities Exchange Act of 1934. The bankruptcy court held that "developed case law" by the Supreme Court and the Court

---

Clearly, "the onus is upon the parties to formulate arguments." *Resolution Trust,* 43 F.3d at 599; *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.,* 124 F.Supp.2d 1228, 1236 (M.D. Ala. 2000) ("It is not for the court to manufacture arguments on Plaintiff's behalf.").

of Appeals for the Second Circuit "provides for [a] private right of action under § 14(a) . . . for corporations themselves." (Case No. 09-2103; doc. 1-1, p. 5). In this court, Beldon and Taylor argue that appellate review is warranted based on their assertion that the standing issue should have been made in light of the controlling substantive law of Delaware. The record does not indicate whether Beldon and Taylor made that argument to the bankruptcy court. If the argument is being raised for the first time in this court, the court would decline interlocutory review so that the bankruptcy court could first decide the issue. *See In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1301 (11th Cir. 2003) (noting that an appellate court will generally refuse to hear arguments not raised in the lower court).

In any event, this court notes that Beldon and Taylor failed to cite to <u>any</u> case decided by <u>any</u> court interpreting Delaware law. Instead, they direct this court's attention to an opinion penned by a district judge sitting in Delaware, *Diceon Electronics v. Calvary Partners*, 772 F. Supp. 859, 867 (D. Del. 1991). In *Diceon Electronics*, the district court held that "an issuer [of stock] lacks standing to sue for damages under § 14(a)." *Id.* at 869. However, the decision was premised on a detailed analysis of the Supreme Court's holding in *J.I. Case Co. v. Borak*, 377 U.S. 426 (1964), and not on the substantive law of the State of Delaware. Interestingly, the bankruptcy court relied on *Borak* when holding that Verilink has standing in this

case. (Case No. 09-2103; doc. 1-1, p. 5 n.2). That said, beyond generally arguing that the bankruptcy court should have applied Delaware law, Beldon and Taylor do not otherwise argue that the bankruptcy court's reliance or interpretation of *Borak* was in error; so, this court will not trudge down that path.[5] Moreover, Beldon and Taylor do not argue if or how Delaware law differs from the Supreme Court's holding in *Borak*. Based on the briefing before this court, Beldon and Taylor have not demonstrated that there is a "substantial ground for difference of opinion among courts" on the issue of whether Delaware substantive law should have been applied by the bankruptcy court.[6] As such, interlocutory review is not appropriate.

Beldon and Taylor also note that the bankruptcy court did not have the benefit of the Supreme Court's decision in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), when it originally ruled on the motion to dismiss. Specifically, they contend that dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is appropriate under *Iqbal* because "the Trustee does not plead any facts that establish a plausible basis for tolling the statute of limitations . . . to the contrary, the [Corrected Amended Complaint] pleads specific facts that make tolling implausible." (Case No. 09-2102,

---

[5] *See* fn. 4.

[6] Also, Beldon and Taylor do not cite to any legal authority in support of their contention that Delaware substantive law controls the issue at hand. *See Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument).

doc. 3, p. 18) (emphasis from original omitted).  This argument has not been adequately developed.[7]

Beldon and Taylor do not cite to any specific allegations within the Corrected Amended Complaint in support of their argument.  The Corrected Amended Complaint is sixty eight pages long and contains twenty counts against several defendants.  The court will not dissect that document in an effort to discover which allegations (or lack thereof) might support Beldon's and Taylor's position.  Moreover, Beldon and Taylor do not provide a discussion as to <u>why</u> the bankruptcy court's order must be decided differently under *Iqbal*.  Beldon and Taylor rely exclusively on the language from *Iqbal* that requires a plaintiff "to 'state a claim to relief that is plausible on its face' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).  The "plausible on its face" standard is not novel to *Iqbal*.  That standard was first announced by the Supreme Court in *Twombly*, *supra*, which predates the bankruptcy court's orders by

---

[7] As previously noted, this court may ignore arguments that are not properly developed. *See* fn. 4, *supra*. *See also Smith v. Secretary, Dept. of Corrections*, 572 F.3d 1327, 1352 (11th Cir. 2009) (noting that a court is not obligated to consider an argument that is not "adequately presented unless it was raised in a way that the district court could not misunderstand it").

approximately two years. *Iqbal* puts a gloss on the "plausible on its face" standard, 129 S. Ct. at 1949, but it does not restate the existing standard. Beldon and Taylor could have raised, in bankruptcy court, their argument that the Corrected Amended Complaint does not establish a plausible basis for tolling the statutes of limitations. Here, Beldon and Taylor make conclusory assertions that the bankruptcy court's ruling would have been different under *Iqbal*, but it appears their argument is actually nothing more than an attempt to rehash their motion to dismiss in a different forum. If Beldon and Taylor wish to argue that the bankruptcy court's ruling on their motion to dismiss should be revisited in light of *Iqbal*, that petition should have first been made to the bankruptcy court.[8]

---

[8] Generally,

> an appellate court will refuse to consider an issue not presented to the trial court and raised for the first time on appeal. Thus, an appellate court may consider (1) a pure question of law if the refusal to consider it would result in a miscarriage of justice; (2) an objection not raised in the court below when the appellant had no opportunity to raise the objection; (3) an objection not raised below when there is at stake a substantial interest of justice; (4) an issue not raised in the lower court when the proper resolution is beyond any doubt; and (5) an issue for the first time if the issue presents significant questions of general impact or great public concern.

*In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1301 (11th Cir. 2003) (emphasis supplied). Although Beldon and Taylor may argue that the second exception applies in this case, such an argument fails to survive scrutiny. Although, because the bankruptcy court's order predates *Iqbal*, Beldon and Taylor did not have the opportunity to argue the application of that decision in bankruptcy court, as explained *supra*, *Twombly*'s plausibility standard was established at the time of the bankruptcy court's order and that standard could and should have been (and perhaps was) presented to the bankruptcy court.

Alternatively, a review of Beldon's and Taylor's motion to dismiss in light of *Iqbal* would necessarily require this court to engage in an in-depth factual inquiry. Such an undertaking is not appropriate on interlocutory appeal. *See McFarlin*, 381 F.3d at 1258.

Accordingly, Beldon's and Taylor's petition for interlocutory appellate review is due to be **DENIED**.

### IV.  Conclusion and Order

For the reasons stated herein, the Movants' motions for direct appeal to this court are **DENIED**. The Clerk of Court is directed to close these files.

**DONE** and **ORDERED** this 18th day of February, 2010.

                                                                       *[signature]*
                                                          **VIRGINIA EMERSON HOPKINS**
                                                          United States District Judge